Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| MAGDIEL LUGO FIGUEROA <br><br> Recurrida <br><br> v. <br><br> FERDINAND POLA CASTILLO <br><br> *Peticionario* | TA2025CE00533 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce <br><br> Caso Núm.: PO2024RF00647 <br><br> Sobre: Divorcio-Ruptura Irreparable |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de octubre de 2025.

Comparece ante nos, el señor Ferdinand Pola Castillo, (peticionario o señor Pola Castillo), mediante recurso de *Certiorari* presentado el 1 de octubre de 2025 y nos solicita que revoquemos la *Resolución*[1] emitida el 9 de septiembre de 2025, notificada ese mismo día, por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI o foro recurrido). Mediante el referido dictamen, el TPI declaró "No Ha Lugar" la *Moción en Solicitud de Reconsideración de Resolución y Orden*[2], la cual está relacionada con las relaciones paternofiliales de los martes y jueves, y el restablecimiento del esquema utilizado durante el año escolar 2024-2025 con los menores.

Por los fundamentos que expondremos a continuación, **denegamos** el auto solicitado y **devolvemos** el caso al TPI para la continuación de los procedimientos.

---

[1] Entrada #140 de SUMAC.
[2] Entrada #137 de SUMAC.

**I.**

Los hechos pertinentes a la controversia ante nuestra consideración surgen el 29 de agosto de 2024, ocasión en que el TPI dictó la *Sentencia*[3] de divorcio y determinó que, tanto la patria potestad como la custodia de los menores sería compartida entre ambos progenitores; y que el plan filial se llevaría a cabo de la siguiente forma:

    i.    "Los menores compartirán con el progenitor fines de semana alternos desde el viernes hasta el lunes.

    ii.    Durante la semana las partes conversarán y se pondrán de acuerdo de la forma y manera en que el progenitor se relacionará con los menores.".

El 17 de diciembre de 2024, el Trabajador Social notificó la disponibilidad del *Informe Social Forense*. El 3 de enero de 2025, la señora Magdiel Lugo Figueroa (parte recurrida) presentó escrito titulado *Moción Exponiendo Posición sobre Informe Social y Solicitando Vista de Lectura de Informe*[4].

El 22 de enero de 2025, el peticionario presentó *Moción Solicitando Vista para Impugnar el Informe Social Forense y Presentar Prueba en Beneficio de los Menores*[5]. El 22 de abril de 2025, el señor Pola Castillo presentó escrito titulado *Moción Solicitando Referido por Conducta de Alienación Parental, Señalamiento de Vista Urgente y Cese de Conducta Obstructiva*[6]. Ese mismo día, el TPI atendió el petitorio y, al día siguiente, se notificó el señalamiento de una vista urgente para el 1 de mayo de 2025 a las 9:00 a.m., allí ordenó que la Dra. Daniela Pérez González compareciera para declarar sobre el caso, y citó a los menores para una entrevista el 30 de abril de 2025 a las 11:00 am. Sin embargo, la vista urgente fue atendida el 30 de abril de 2025[7]. Surge de la *Minuta* que el foro recurrido interrogó a

---

[3] Entrada #51 de SUMAC.
[4] Entrada #64 de SUMAC.
[5] Entrada #66 de SUMAC. Surge del alegato del peticionario que el asunto de la impugnación del informe el TPI citó vista para el 5 y 6 de noviembre de 2025.
[6] Entrada #91 de SUMAC.
[7] Entrada #103 de SUMAC.

la psicóloga de los menores, la Dra. Daneida Pérez, y a los menores; a su vez, el peticionario reiteró su solicitud en continuar relacionándose con los menores los martes y los jueves con pernocte y fines de semana alternos; a lo cual el TPI determinó que esperaría hasta el 5 de mayo de 2025 a que los padres asistieran a la cita con la psicóloga, y que esta rindiera el informe de tal intervención. El 20 de mayo de 2025 se celebró Vista sobre el Estado de los Procedimientos[8].

Así las cosas, el 13 de agosto de 2025, el peticionario presentó *Moción Solicitando se Continúen las Relaciones Paternofiliales Establecidas o, en la Alternativa, se Retome el Esquema Anterior, hasta la Vista de Custodia*[9], en la cual reiteró que se continuara con (el esquema de semanas alternas por la experiencia positiva y el beneficio demostrado para los menores o, en la alternativa, se retomara el esquema acordado por las partes, donde el peticionario compartía con los menores martes y jueves con pernocte. Además, informó al TPI de conductas por parte de la recurrida que obstaculizaba gravemente el vínculo paternofilial, afectando el desarrollo emocional y psicológico de los menores. Ese mismo día, el TPI transfirió la vista de impugnación de informe social a solicitud de las partes **señalando la celebración de vista para los días 5 y 6 de noviembre de 2025**[10].

El 15 de agosto de 2025, el peticionario presentó *Moción Urgente para el Cumplimiento de Régimen de Custodia Compartida Provisional*[11] en la que alegó que la parte recurrida se negaba a entregarle los menores conforme dispuesto y continuaba con el patrón de obstaculizar que este se relacionara con los menores. El peticionario solicitó nuevamente que se continuara con el esquema

---

[8] Entrada #112 de SUMAC.
[9] Entrada #127 de SUMAC.
[10] Entrada #129 de SUMAC.
[11] Entrada #130 de SUMAC.

de semanas alternas implementado por el Tribunal durante el verano.

El 20 de agosto de 2025, la parte recurrida presentó *Moción en Cumplimiento de Orden*[12] en donde arguyó que la profesional de salud mental recomendó que, si los menores participaban en alguna actividad deportiva o de interés, fuese preferiblemente los sábados. Indicó que los niños están pasando por un proceso de duelo y que la parte emocional de los menores es la prioridad y se requiere establecer un balance para evitar presiones indebidas. El padre se opuso a incorporar dicha recomendación, argumentando que ello implicaría que los menores deberían asistir los martes, jueves y sábados.

El 21 de agosto de 2025, el peticionario presentó *Réplica a Moción en Cumplimiento de Orden y Oposición*[13]. El 21 de agosto de 2025, notificada el 22 de agosto de 2025, el TPI emitió *Resolución y Orden*[14] en la cual dispuso lo siguiente:

> (1) El padre recogerá los menores los martes y jueves a las 2:00pm en el Colegio Liceo Ponceño ocupándose de lo siguiente:
> a. Culminar trabajos incompletos
> b. Repasos para todas materias
> c. Asignaciones
> d. Lectura
> e. Dictados
> f. Láminas
> g. Revisar todas las libretas de cada niño
> h. El padre informará por escrito para conocimiento de él y de la madre que asuntos se trabajarán para que la madre continúe en el hogar.
> i. Proyectos
> j. Bañados
> k. Compra de materiales
> l. Compra de atuendo para las actividades extracurricular
> (2) Se mantienen las relaciones provisionales de la siguiente manera: (a) Fines de semana alternos de viernes a las 5:00pm hasta el lunes a las 7:30am.
> (3) Durante la semana el padre podrá relacionarse con los menores como de costumbre recogiendo a los menores a las 5:00pm en las tutorías y regresando a las 6:30 pm al hogar de la madre.

---

[12] Entrada #134 de SUMAC.
[13] Entrada #135 de SUMAC.
[14] Entrada #136 de SUMAC.

El peticionario alegó que el contenido de la *Orden* fue propuesto por la parte recurrida. Insatisfecho, el 27 de agosto de 2025, el señor Pola Castillo presentó una *Moción en Solicitud de Reconsideración de Resolución y Orden*[15]. A su vez, el 7 de septiembre de 2025, la parte recurrida presentó *Oposición a Solicitud de Reconsideración*[16]. El 8 de septiembre de 2025, el peticionario presentó *Réplica a Oposición a Moción de Reconsideración* [17].

Evaluadas las posiciones de las partes, el 9 de septiembre de 2025, el foro recurrido emitió una *Resolución*[18] en la cual declaró *No Ha Lugar* la moción de reconsideración y se mantuvo vigente la *Resolución y Orden* del 21 de agosto de 2025.

Insatisfecho aún, el 1 de octubre de 2025, el peticionario acudió a este foro intermedio mediante recurso de *Certiorari* y señaló la comisión del siguiente error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, AL ACOGER LA PROPUESTA REALIZADA POR LA RECURRIDA EN LA MOCIÓN EN CUMPLIMIENTO DE ORDEN (ENT. #134); POR ESTA SER CONTRADICTORIA E INCUMPLIBLE/IRRAZONABLE; Y PARCIALIZADA A FAVOR DE LA RECURRIDA.

El 2 de octubre de 2025, esta Curia emitió una *Resolución* ordenándole a la parte recurrida que mostrara causa por la cual no se debía expedir el recurso presentado. A tales fines, el 12 de octubre de 2025, la parte recurrida presentó *Moción en Cum[p]limiento de Resolución para Mostrar Causa*. Así pues, con el beneficio de la comparecencia de las partes litigantes, procedemos a resolver.

**II.**

**-A-**

El auto de *certiorari* es un recurso procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos en el ámbito de la Regla 52.1 de

---

[15] Entrada #137 de SUMAC.
[16] Entrada #138 de SUMAC.
[17] Entrada #139 de SUMAC.
[18] Entrada#140 de SUMAC.

Procedimiento Civil[19] y conforme a los criterios que dispone la Regla 40 del Reglamento del Tribunal de Apelaciones[20]. Nuestro ordenamiento judicial ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto[21]. Esta norma de deferencia también aplica a las decisiones discrecionales de los tribunales de instancia. En cuanto a este particular, el Tribunal Supremo de Puerto Rico ha expresado lo siguiente:

> No hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[22]

En ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia[23]. No obstante, la Regla 52.1 de Procedimiento Civil, *supra*, faculta nuestra intervención en situaciones determinadas por la norma procesal. En específico establece que:

> [...] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.[24]

---

[19] 32 LPRA Ap. V, R. 52.1.
[20] 4 LPRA Ap. XXII-B, R. 40.
[21] *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994).
[22] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).
[23] *García v. Padró*, 165 DPR 324, 334-335 (2005*); Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 180 (1992).
[24] 32 LPRA Ap. V, R. 52.1.

[...]

En armonía con lo anterior, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, para dirigir la activación de nuestra jurisdicción discrecional en estos recursos dispone que para expedir un auto de certiorari, este Tribunal debe tomar en consideración los siguientes criterios:

> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se encuentra el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Por lo tanto, un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención.

**III.**

Luego de examinar el expediente y los argumentos esgrimidos por el señor Pola Castillo a la luz del derecho aplicable y ante la discreción limitada que nos reconoce la Regla 52.1 de Procedimiento Civil, *supra*, y de los criterios de la Regla 40 del Tribunal de Apelaciones[25], no identificamos razón por la cual este Foro deba intervenir. Ello, ya que no se presentan ninguna de las situaciones

---

[25] Regla 40 del Reglamento *del Tribunal de Apelaciones*, según enmendada, In Re Aprob. Enmda. Reglamento TA, 2025 TSPR 42, 215 DPR ____ (2025).

que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios en los que el foro de primera instancia haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. También, debemos recordar que las determinaciones del foro primario merecen respeto y deferencia ya que este es quien mejor conoce las interioridades del caso y es quien está en mejor posición para tomar las decisiones correctas sobre las controversias planteadas.

En síntesis, resolvemos que en el recurso que aquí atendemos no se demostró que la actuación del foro primario haya sido errónea o arbitraria, por lo tanto, procede denegarlo.

**IV.**

De conformidad con lo antes expresado, ***denegamos*** la expedición del auto de *Certiorari* solicitado. Devolvemos el caso al TPI para que **celebre vista, según pautada, para los días 5 y 6 de noviembre de 2025**[26] y proceda a atender todos los planteamientos de las partes.

**Notifíquese inmediatamente**.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. La Juez Barresi Ramos concurre sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[26] Reiteramos que, al no expedirse el auto, el TPI no tiene que esperar por nuestro mandato. Así pues, se ordena la continuación de los procedimientos conforme a lo dispuesto por el foro recurrido.